IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL L. SHELL, G-13733, ) | |
| ) | |
| Plaintiff(s), ) | No. C 11-2675 CRB (PR) |
| ) | |
| v. ) | ORDER OF SERVICE |
| ) | |
| G. LEWIS, Warden, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff, an African-American prisoner at Pelican Bay State Prison (PBSP), has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that he was stabbed by white inmates after prison officials released him to the Facility B main exercise yard. Plaintiff claims that warden G. Lewis, correctional captain R. Bell and correctional officer John Doe were deliberately indifferent to his safety because they knew (or should have known) that white inmates were attacking African-American inmates.

## DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

      The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41.

      A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837.  Neither negligence nor gross negligence constitute deliberate indifference.  See id. at 835-36 & n.4.
/

Liberally construed, plaintiff's allegations that PBSP officials released him to the Facility B main exercise yard despite knowing that white inmates were attacking African-American inmates, and that he was stabbed by white inmates, state a cognizable § 1983 claim for deliberate indifference to safety needs and will be served on the named defendants. See Hearns, 413 F.3d at 1041-42 (allegations in pro se complaint sufficient to raise inference that named prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it – state a failure-to-protect claim).[1]

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendants at PBSP: warden G. Lewis and correctional captain R. Bell . The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil

---

[1] Plaintiff cannot proceed against a Doe defendant unless he first identifies the Doe defendant and amends his complaint to add him as a named defendant. Plaintiff will be afforded 60 days from the date of this order to do so. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants).

Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

    b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

    c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

    Plaintiff is also advised that a motion to dismiss for failure to exhaust

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

   e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

 3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: June 1, 2012

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.11\Shell, L.11-2675.serve.wpd

5